UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FILED**
**JAN 27 2011**
CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

In re:

MARTA G. NAJERA and
EDGAR R. NAJERA,

    Debtors.
_____/

Case No. 6:10-bk-08048-ABB
Chapter 7

SHAIRA BLOISE,

    Plaintiff,

v.

MARTA G. NAJERA and
EDGAR R. NAJERA,

    Defendants.
_____/

Adv. Pro. No. 6:10-ap-00216-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint (Doc. No. 1) filed by the Plaintiff Shaira Bloise against the Defendants/Debtors Marta G. Najera and Edgar R. Najera (collectively, "Debtors") requesting a debt of $6,000.00 be deemed nondischargeable. A pretrial conference was held on November 16, 2010 at which the parties appeared *pro se*. The parties proffered evidence in support of their positions and agreed that the Court could make a final determination.

Judgment is due to be entered in favor of the Debtors pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6). The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings, hearing live proffers, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

The facts at issue were difficult to elucidate. The parties are *pro se* and presented contradictory information. Plaintiff and the Debtors are acquaintances through Plaintiff's friendship with the Debtors' daughter. The Debtors own Najera Auto, Inc., an automobile sales company located in Orlando, which is now defunct. The Debtors agreed to obtain a Volkswagen Golf for Plaintiff for $6,000.00 via an automobile auction. Plaintiff delivered a personal check for $6,000.00 made payable to the Debtors' business on July 6, 2009.

The Debtors obtained a Hyundai for Plaintiff, which Plaintiff did not accept. The Debtors loaned the Hyundai to Plaintiff while they attempted to locate a Volkswagen Golf. Plaintiff was involved in an accident while the Hyundai was on loan to her. Plaintiff and the Debtors, or their company, had insurance coverage for the damages and a claim was submitted. The Debtors received insurance proceeds for the damaged Hyundai. Plaintiff returned the Hyundai to the Debtors.

The Debtors were not able to obtain a Volkswagen Golf or any acceptable car for Plaintiff. They did not return her $6,000.00. They filed a joint Chapter 7 bankruptcy petition on May 12, 2010. They listed Plaintiff as a joint unsecured creditor in Schedule F for $6,000.00. Plaintiff filed a Complaint against the Debtors objecting to the dischargeability of the $6,000.00 debt.

Plaintiff indicated on her Adversary Proceeding Cover Sheet her Complaint is based upon 11 U.S.C. Sections 523(a)(2) and 523(a)(6). She pled no Code provisions in her Complaint. Based upon Plaintiff's presentation in open Court and her coversheet, this matter is a Section 523(a)(2)(A) and 523(a)(6).

The Debtors stated they deposited Plaintiff's check into their corporate bank account at the hearing on November 16, 2010. The Court entered an order on November 30, 2010 directing the Plaintiff to produce a copy of the check and the Debtors to file a copy of the bank statement for the account into which they deposited Plaintiff's check. Plaintiff did not respond to this order. The Debtors did respond.

The Debtors, in their post-hearing filing, indicated that contrary to what they stated in open court, they did not deposit Plaintiff's check into their corporate bank account because the account was subject to a writ of garnishment. The Debtors cashed the check and subsequently commingled the money with their personal funds.

Plaintiff has pled no facts indicating Debtors made false representations with the intent to deceive her. Debtors cashed Plaintiff's check with the intent of acquiring a vehicle for her. The Debtors' business loaned Plaintiff a vehicle while attempting to acquire an acceptable car for her. They ultimately did not obtain a vehicle for Plaintiff prior to their business going under. The Debtors are not personally liable to the Plaintiff for the $6,000.00 business debt. Plaintiff presented no evidence to establish Section 523(a)(2)(A) is applicable to the individual Debtors.

Plaintiff has pled no facts indicating Debtors committed any willful and malicious injury to Plaintiff. Debtors' business failed to obtain a vehicle for Plaintiff prior to going out of business. Plaintiff did not receive a refund of the $6,000.00 from the business. Plaintiff has not presented a malicious or willful act to establish the elements for a Section 523(a)(6) cause of action.

Plaintiff has not established by a preponderance of the evidence any debt or obligation owed to her by the Debtors was incurred through false pretenses or fraud.

Plaintiff has not established by a preponderance of the evidence any injury to her or her property by a willful and malicious act of the Debtors. The $6,000.00 is dischargeable as to the Debtors and is due to be discharged. Judgment is due to be entered in favor of Debtors and against Plaintiff.

## CONCLUSIONS OF LAW

The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). Objections to discharge are to be strictly construed against the creditor and liberally in favor of the debtor. Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).

### *11 U.S.C. § 523(a)(2)(A)*

Section 523(a)(2)(A) does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). Plaintiffs must establish the traditional elements of common law fraud to prevail in a Section 523(a)(2)(A) action: (1) Debtors made a false representation with the purpose and intent to deceive Plaintiffs; (2) Plaintiffs relied on the misrepresentation; (3) the reliance was justified; and (4) Plaintiffs sustained a loss as a result of the misrepresentation. SEC v. Bilzerian (In re Bilzerian), 153 F.3d 1278, 1281 (11th Cir. 1998); Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996). Plaintiffs must establish each of the four common law fraud elements by a

4

preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991); In re Wiggins, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000).

The cornerstone element in a Section 523(a)(2)(A) nondischargeability proceeding is a misrepresentation made with the intent to deceive the creditor. A creditor cannot establish non-dischargeability pursuant to Section 523(a)(2)(A) without proof of reliance on intentional misstatements by the debtor. City Bank & Trust Co. v. Vann (In re Vann), 67 F.3d 277, 280 (11th Cir. 1995). A determination of fraudulent intent is an issue of fact and "depends largely upon an assessment of the credibility and demeanor of the debtor . . . ." Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 305 (11th Cir. 1994). Intent is a subjective issue and a review of the totality of the circumstances is relevant in determining a debtor's intent. Id.

The creditor's reliance upon the debtor's false representation must be justified. Field v. Mans, 516 U.S. 59, 73-75 (1995); In re Vann, 67 F.3d at 283-84. A plaintiff must establish a causal link between the debtor's misrepresentation and the resulting loss sustained by the plaintiff. Lightner v. Lohn, 274 B.R. 545, 550 (M.D. Fla. 2002).

Section 523(a)(2)(A) is inapplicable to this matter because this is a corporate debt. This is not a debt of the individual Debtors because the transaction and check were with Najera Auto, Inc., not Marta or Edgar Najera in their individual capacity. Section 523(a)(2)(A) does not apply.

Plaintiff has not established the Debtors' fraudulent intent even if Section 523(a)(2)(A) does apply. Debtors were in the business of obtaining vehicles for customers. Debtors intended to purchase a vehicle for Plaintiff at the time she delivered the check. Plaintiff presented no evidence establishing the Debtors made a false

representation to her with the purpose and intent to deceive her. The Debtors' failure to obtain a vehicle for Plaintiff pursuant to their agreement constitutes a breach of that agreement, but does not constitute fraud.

Plaintiff did not establish Debtors made any false representations with the intent to deceive her in connection with her payment of $6,000.00 to Debtors' business. Plaintiff, by failing to establish the first nondischargeability element of 11 U.S.C. Section 523(a)(2)(A), failed to establish the second, third, and fourth elements.

### *11 U.S.C. § 523(a)(6)*

Section 523(a)(6) of the Bankruptcy Code provides any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. 11 U.S.C. § 523(a)(6). Plaintiff, to prevail on a Section 523(a)(6) cause of action, must establish by a preponderance of the evidence the Debtor: (1) deliberately and intentionally; (2) injured Plaintiff or Plaintiff's property; by (3) a willful and malicious act. In re Nofziger, 361 B.R. 236, 242 (Bankr. M.D. Fla. 2006). Plaintiff must establish by a preponderance of the evidence the injury was intentional—that the Debtor intended the consequences of his act. Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). "The established law is clear that a debtor must commit some type of intentional tort directed against the claimant or his property in order for a court to find that the resulting damages are nondischargeable." In re Nofziger, 361 B.R. at 243.

None of the allegations establish the Debtors deliberately and intentionally injured Plaintiff or her property by a willful and malicious act sufficient to satisfy the Kawaauhau standard. Id. at 244. Debtors' business made a good faith effort to acquire a vehicle for Plaintiff prior to going out of business. Plaintiff failed to present any evidence that the

individual Debtors intended to injure Plaintiff or her property. Plaintiff did not carry her burden of establishing the elements of a Section 523(a)(6) cause of action since she failed to allege or offer evidence of an intentional injury.

## CONCLUSION

Plaintiff has not established by a preponderance of the evidence any debt or obligation owed to her by the Debtors was incurred through false pretenses or fraud. Plaintiff has not established by a preponderance of the evidence any injury to her or her property by a willful and malicious act of the Debtors. The $6,000.00 is dischargeable as to the Debtors and is due to be discharged. Judgment is due to be entered in favor of Debtors and against Plaintiff.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the debt of $6,000.00 owed to Plaintiff is **DISCHARGEABLE** as to the Debtors pursuant to 11 U.S.C. Sections 523(a)(2)(A) and 523(a)(6).

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 27th day of January, 2011.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge